IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PABLO FAVELA-CORRAL, | ) | 8:10CV91 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| SARA E. FULLERTON, JOE E. | ) | |
| STECHER, RICHARD G. KOPF, | ) | |
| DEBORAH CUNNINGHAM, | ) | |
| MARY GRYVA, KELLY T. | ) | |
| NELSON, and MICHAEL GANS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 26, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 16.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on February 26, 2010, against the United States and seven individual defendants, including Sara Fullerton, Joe Stecher, Richard Kopf, Deborah Cunningham, Mary Gryva, Kelly Nelson, and Michael Gans. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. (*See* Docket Sheet.)

Plaintiff's claims emanate from his federal criminal conviction in Case Number 4:02CV3121.[1] (Filing No. 1 at CM/ECF p. 3.) Plaintiff alleges that Defendants "lacked all jurisdiction and authority" in the criminal proceedings against him because Plaintiff is "exempt from any and all authority and jurisdiction illegally imposed in this matter regarding the manufacture and distribution [of drugs]." (*Id.*) Further, as agents of the United States Government, Defendants knew or should have known that the court lacked jurisdiction over Plaintiff. (*Id.*) Plaintiff also charges Defendants with the following "counts" relating to his criminal conviction: violation of the Civil Rights Act of 1964, defamation, slander, intentional infliction of emotional distress, incompetent counsel, violation of right to interstate commerce, failure to determine a valid claim for trial, violation of clean hands doctrine, unconstitutional application of statutory law, failure to redress the statutes at large, illegal adjudication in a territorial court, failure to acquire locus quo for jurisdiction, operation without a valid act of Congress, failure to produce lawful authority, operation in the presence of incompetent counsel, fraudulent court orders and administrative directives, deprivation of rights under the color of law, false declarations before a grand jury or court, false affidavits and writings under the color of law, false imprisonment and peonage, and failure to issue a writ of habeas corpus. (*Id.* at CM/ECF pp. 21-38.)

As relief, Plaintiff seeks $119,600,000.00 in damages and "immediate discharge from illegal confinement." (*Id.* at CM/ECF pp. 31 and 33.)

---

[1] Plaintiff was convicted of Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine on September 15, 2003. (*See* Case Number 4:02CR 2121, Filing No. 115.)

2

**II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.SC. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

3

### III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would unnecessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate entirely to his 2003 conviction for Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine. Plaintiff alleges, among other things, that Defendants "lacked all jurisdiction and authority" in the criminal proceedings against him. (Filing No. 1 at CM/ECF p. 3.) Further, he seeks immediate release from the Federal Correctional Institution in Fort Dix, New Jersey. (*Id.* at CM/ECF p. 33.) Plaintiff's allegations and his request for relief necessarily implicate the validity of Plaintiff's conviction and incarceration. Stated another way, this court could grant none of the relief sought by Plaintiff without first determining that his conviction and incarceration were unlawfully obtained. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. The court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2.	The Clerk of the court is directed to send to Plaintiff a Form AO 241 packet, Petition for Relief from a Conviction or Sentence By a Person in State Custody.

3.	All pending motions are denied as moot.

4.	A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.